# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

KEVIN PAYTON,                                                                             PETITIONER
ADC#082480

v.                                       5:12-cv-00032-KGB-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.    BACKGROUND**

Petitioner, Kevin Payton, was tried by a jury and convicted of felony rape and misdemeanor tampering. (Doc. No. 1-1 at 9-10.) Mr. Payton received 660 months' imprisonment for the rape and one year of imprisonment for tampering. *Payton v. State*, 2009 Ark. App. 690, at *1, 2009 WL 3384354, at *1 (unpublished). Mr. Payton appealed to the Arkansas Court of Appeals raising six issues.[1] *Id.* at *1-3. The court of appeals found no error and affirmed Mr. Payton's convictions. *Id.*

Mr. Payton filed a Rule 37 petition claiming his confession was the result of coercion and prosecutorial misconduct and that his counsel was ineffective for not investigating a state witness' motive for testifying and for not making a timely challenge to the sufficiency of the evidence. (Doc. No. 11-3 at 60-62, 79.) The circuit court denied Mr. Payton's Rule 37 petition on January 14, 2010. (Doc. No. 11-3 at 81.)

---

[1] (1) that the trial court erred by not allowing him to question the victim about her upbringing for purposes of credibility; (2) that the trial court erred by not allowing him to ask the victim whether her 2007 New Year's resolution was to "stop lying so much;" (3) that the trial court erred by admitting pornographic magazines and pictures of those magazines into evidence over his objection; (4) that the trial court erred by admitting statements concerning his marijuana use; (5) that the trial court erred by denying his motion for mistrial; and (6) that the trial court erred by not allowing him to discuss the victim's alleged motives for lying during his closing argument.

Mr. Payton appealed the denial of his Rule 37 motion to the Arkansas Supreme Court. (Doc. No. 11-5.) The Arkansas Supreme Court affirmed, finding that the circuit court had not erred in its application of *Strickland v. Washington*, 466 U.S. 668 (1984), and that Mr. Payton had not preserved his prosecutorial-misconduct and other trial-error claims for appeal. (Doc. No. 11-5 at 5-6.)

Mr. Payton filed the instant 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus on January 23, 2012. His claims include actual innocence, ineffective assistance of trial and appellate counsel, prosecutorial misconduct and challenges to the trial court's admission of certain evidence. (Doc. No. 1 at 6-15.)

## II. DISCUSSION

### A. Procedural Default

Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). The fair-presentment requirement exists so that the respective state has the " 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy, 'for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.' " (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950))); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981). When an inmate fails to comply with the fair-presentment requirement, his or her claims will be procedurally defaulted. *Murphy*, 652 F.3d at 849. If it would be futile for a petitioner to return to the state courts to present his or her claim, "the exhaustion requirement in § 2254(b) is satisfied, but th[is] failure to exhaust 'provides an

3

independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.' " *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996))).

After carefully reviewing the record, the Court concludes that Mr. Payton's actual-innocence,[2] ineffective-assistance-of-appellate-counsel, prosecutorial-misconduct, and custodial-statement claims are procedurally defaulted. Mr. Payton raises his ineffective-assistance-of-appellate-counsel claim for the first time in the instant Petition, and he failed to raise his actual-innocence, prosecutorial-misconduct and custodial-statement claims in his direct appeal. Mr. Payton offers no basis for excusing the procedural default for these claims, and there is no indication in the record that cause or prejudice exists. And just as the state circuit court concluded in dismissing the Rule 37 petition, this Court also finds that Petitioner's claims are vague and devoid of factual support. As a result, these claims must be dismissed.

### B. Ineffective Assistance of Counsel

When reviewing an underlying state court's decision in a federal habeas petition, federal courts will "undertake only a limited and deferential review." *Worthington v. Roper*, 631 F.3d 487, 495 (8th Cir. 2011). Specifically, in cases where the petitioner raises issues concerning a state court's decision regarding federal law, habeas relief will not be granted unless the state court adjudicated the petitioner's claims on the merits and that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Collier*

---

[2]To the extent that Mr. Payton intends his actual-innocence claim as a *Schlup* gateway claim, his procedural default is not excused as he has not alleged or provided new, reliable evidence that was unavailable at the time of his trial. *Kidd v. Norman*, 651 F.3d 947, 951 (8th Cir. 2011).

*v. Norris*, 485 F.3d 415, 421 (8th Cir.2007).

For purposes of 28 U.S.C. § 2254(d)(1), "[a] state court decision is 'contrary to' clearly established federal law if it either 'arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law' or 'decides a case differently than th[e] [Supreme] Court has on a set of materially distinguishable facts.' " *Worthington*, 631 F.3d at 495. Additionally, "[a] state court 'unreasonably applies' Supreme Court precedent if it 'identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.' " *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).

In this case, the Arkansas Supreme Court correctly identified and articulated[3] the two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Payton v. State*, 2011 Ark. 217, at *1-2, 2011 WL 1805340, at *1-2 (2011). Under 28 U.S.C. § 2254(d)(1), then, the only remaining question is whether the Arkansas Supreme Court made a reasonable application of that standard to Mr. Payton's claims. Before answering that questions, though, it is important to note that when the 28 U.S.C. § 2254(d)(1) reasonableness standard is applied to a state court's adjudication of ineffective-assistance-of-counsel claims, federal habeas courts are only required to "determine what arguments or theories supported or . . . could have supported, the state court's decision; and then [determine] . . . whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the United States Supreme Court]." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).

In its review, the Arkansas Supreme Court found that Mr. Payton's ineffective-assistance-of-counsel claims lacked factual bases. *Payton*, 2011 Ark. 217, at *2-3, 2011 WL 1805340, at *2-3

---

[3]The Court notes that, for purposes of 28 U.S.C. § 2254(d), the Arkansas Supreme Court's decision in *Payton v. State*, 2011 Ark. 217, 2011 WL 1805340 (2011), is the "last reasoned decision of the state courts." *Worthington*, 631 F.3d at 479.

5

(2011). Specifically, the court stated that while Mr. Payton alleged that his counsel did not call certain witnesses or properly investigate the state's witnesses, Mr. Payton did not indicate in his Rule 37 petition which witnesses should have been called or "what a more thorough investigation of the prosecution's witnesses might have shown." *Id.* at *3. Additionally, the court noted that Mr. Payton did not explain how his trial counsel should have been more prepared. *Id.* Based on the conclusory nature of the claims in the petition, the court found that Mr. Payton had not made a sufficient showing of either deficient performance or prejudice. *Id.*

The Arkansas Supreme Court's conclusion was reasonable, and fairminded jurists would not disagree as to the court's decision to affirm the circuit court's dismissal. "[C]onclusory allegations of ineffective assistance . . . are insufficient to state a constitutional claim." *Wogenstahl v. Mitchell*, 668 F.3d 307, 335 (6th Cir. 2012); *see also Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002). Mr. Payton's § 2254 Petition does not further support or prove a Sixth Amendment claim. Furthermore, Mr. Payton does not challenge the reasonableness of the Arkansas Supreme Court's decision. Thus, the instant ineffective-assistance claims are without merit and should be dismissed.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be

granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, Mr. Payton has several claims that are clearly procedurally defaulted. Arkansas's "postconviction rule does not permit a direct attack on a judgment or substitute for an appeal." *Payton*, 2011 Ark. 217, at *5, 2011 WL 1805340, at *3. In addition, jurists of reason would not debate that Mr. Payton's ineffective-assistance-of-trial-counsel claims are without merit. Therefore, no certificate of appealability should be issued.

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.  Mr. Payton's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) be dismissed without prejudice.

2. A certificate of appealability should not be issued.

DATED this 24th day of August, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE